**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 4 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIRK M. CARMICHAEL, | No. 16-56525 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-01064-JAH-DHB |
| v. | |
| JPMORGAN CHASE BANK, N.A., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Kirk M. Carmichael appeals pro se from the district court's order denying

Carmichael's motion to alter the judgment dismissing for failure to state a claim

his action alleging violations of the Truth in Lending Act.  We have jurisdiction

under 28 U.S.C. § 1291.  We have an independent duty to determine whether the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

district court had subject matter jurisdiction. *Wash. Envtl. Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Dismissal of Carmichael's action was proper because the district court lacked subject matter jurisdiction, as Carmichael failed to exhaust the administrative claim process under the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"). *See* 12 U.S.C. § 1821(d)(3)-(10) (setting forth the FIRREA administrative claim process); *Rundgren v. Wash. Mut. Bank, FA*, 760 F.3d 1056, 1060 (9th Cir. 2014) (12 U.S.C. § 1821(d)(13)(D) strips courts of jurisdiction over claims that have not been administratively exhausted under FIRREA); *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1209 (9th Cir. 2012) (holding that "a claim asserted against a purchasing bank based on the conduct of a failed bank must be exhausted under FIRREA"). We treat the judgment as a dismissal without prejudice. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) (dismissal for lack of subject matter jurisdiction should be without prejudice).

Because the district court lacked subject matter jurisdiction over the action,

we do not consider Carmichael's contention that the district court abused its

discretion by denying Carmichael's motion to alter the judgment.

**AFFIRMED.**